FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

# ORIGINAL

AUG 0 6 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| MELISSA A. REIGER,<br>    Plaintiff | )<br>)<br>) CIVIL ACTION<br>) FILE NO. |
| vs. | )<br>) **1 08-cv-2518**<br>) |
| LVNV FUNDING LLC,<br>    Defendant | ) **JURY TRIAL DEMANDED**<br>)               **:CAM** |

## COMPLAINT

1. Plaintiff Melissa A. Reiger brings this action against Defendant LVNV Funding LLC for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681 *et seq.* and for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 *et seq.*

### I. PRELIMINARY STATEMENT

2. The FCRA grew out of justified concerns in Congress over abuses in the credit reporting industry.

3. The consumer reporting industry maintains 450 million credit files on more than 110 million individuals, virtually the entire adult population of the country, and processes almost 2 billion pieces of data per month. S. Rep. 103-209, 103d Cong., 1st Sess. 2-3 (1993).

1

4.    In theory, the faster sensitive personal information about a person's credit worthiness flows into credit furnishers' computers, the faster credit flows to the consumer, and the faster the economy grows.

5.    To this end "an elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers." 15 U.S.C. § 1681(a)(2).

6.    The preamble to the FCRA clearly states that "consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers" and the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy" is apparent. 15 U.S.C. § 1681(a)(3).

7.    Each bit of information can come from any of these sources: public records, creditors, landlords, lenders, credit sellers, insurance companies, employers and debt collectors (all of whom are the customers of a credit reporting agency), and even the consumer him/herself.

8.    Errors and misinformation in credit reports lead to mistakes in credit scores, and mistakes in credit scores mean consumers either pay too much for credit or are denied credit. (Beth Kobliner, "Borrower Beware: Credit Scorers Are Watching," New York Times, April 21, 2002.)

9.    Congress therefore placed upon the credit reporting agencies the burden of

       following reasonable procedures to assure the maximum accuracy of

       information concerning the individual about whom the report relates that it

       might accurately depict a clear and precise credit profile of a consumer.

       Congress passed the FCRA with the precise intent to give the consumer

       power over the "impersonal and unconcerned attitude displayed by business

       machines as to the impact of their actions upon an individual consumer..."

       Vinson v Ford Motor Credit Co., 259 So.2d 768,*771 (Fla. App. 1972).

10.   Court rulings, such as Matthews v. Deland Bank, 334 So.2d 164, 166 (Fla.

       1st DCA 1976) ("A disregard for the truth in reporting credit transactions,

       especially when coupled with the failure to correct the inaccuracies,

       constitutes libel per se.") have upheld the right of an individual consumer to

       build, possess, maintain and use a credit history that is an asset to him or her.

## II.  PARTIES

11.   Plaintiff Melissa A. Reiger is a natural person, a resident of Georgia, and a

       "consumer" as defined by FCRA, 15 U.S.C. § 1681a(c).

12.   Plaintiff Melissa A. Reiger is a "consumer" as defined by FDCPA, 15

       U.S.C. § 1692a(3).

13.   Defendant LVNV Funding LLC ("LVNV") is a Delaware corporation and

       subject to the jurisdiction of this Court.

14.   Defendant LVNV is a person who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. §1681s-2.

15.   Defendant LVNV is engaged in the collection of debts from consumers using the mail and telephone.

16.   Defendant LVNV regularly attempts to collect consumer debts alleged to be due to another.

17.   Defendant LVNV is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

18.   The debt that Defendant LVNV was attempting to collect upon was a consumer purpose debt previously owed by the Plaintiff.

### III.  JURISDICTION AND VENUE

19.   This court has subject matter jurisdiction over this Complaint pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*, 28 U.S.C. § 1331 and 28 U.S.C. §§ 1331 and 1337.

20.   This court also has subject matter jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k.

21.   Venue is proper in the Northern District of Georgia pursuant to FCRA, 15 U.S.C. §1681p, FDCPA, 15 U.S.C. § 1692k(d), and 28 U.S.C. §1391.

# IV. STATUTORY STRUCTURE

## A.     The Fair Credit Reporting Act

22.    The Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* was

enacted to require the consumer reporting agencies to adopt reasonable

procedures for meeting the needs of commerce for consumer credit,

personnel, insurance, and other information in a manner which is fair and

equitable to the consumer, with regard to the confidentiality, accuracy,

relevancy, and proper utilization of such information.  15 U.S.C. § 1681(b).

23.    Under the FCRA, after a furnisher of information receives notification

pursuant to §1681i(a)(2) of a dispute with regard to the completeness or

accuracy of any information provided by a person to a consumer reporting

agency, the person shall – (A) conduct an investigation with respect to the

disputed information; (B) review all relevant information provided by the

consumer reporting agency pursuant to 1681i(a)(2) of this title; (C) report

the results of the investigation to the consumer reporting agency; and (D) if

the investigation finds that the information is incomplete or inaccurate,

report those results to all other consumer reporting agencies to which the

person furnished the information and that compile and maintain files on

consumers on a nationwide basis.  15 U.S. C. § 1681s-2(b).

24.    Under the FCRA, any person who willfully fails to comply with any

requirement imposed under this subchapter with respect to any consumer is

liable to that consumer in an amount equal to the sum of any actual damages

sustained by the consumer as a result of the failure or damages of not less

than $100 and not more than $1,000; such amount of punitive damages as

the court may allow; and the costs of the action together with reasonable

attorney's fees.  15 U.S.C. § 1681n.

25.    Under the FCRA, any person who is negligent in failing to comply with any

requirement imposed under this subchapter with respect to any consumer is

liable to that consumer in an amount equal to the sum of any actual damages

sustained by the consumer as a result of the failure, the costs of the action

together with reasonable attorney's fees.  15 U.S.C. § 1681o.

### B.    The Fair Debt Collection Practices Act

26.    The FDCPA was passed to eliminate abusive debt collection practices by

debt collectors, to insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged, and to

promote consistent State action to protect consumers against debt collection

abuses. 15 U.S.C. § 1692.

27.    Under the FDCPA, a "consumer" is any natural person obligated or

allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

28.   Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.  15 U.S.C. § 1692a(5).

29.   Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.  15 U.S.C. § 1692a(6).

30.   Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

## V. FACTUAL ALLEGATIONS

31.   The Plaintiff opened a credit card with Bank of America for her personal and household use in approximately March 2002 (hereinafter "credit card" or "debt").

32.   In March 2005, Plaintiff became unexpectedly unemployed and was unable to make regular monthly payments on the credit card.

33. Upon information and belief, Plaintiff last paid Bank of America on the credit card in April 2005.

34. In October 2005, Bank of America charged-off the balance owed on the credit card.

35. Upon information and belief, Bank of America assigned the balance owed on the Plaintiff's credit card to Defendant LVNV for collection.

36. Upon information and belief, Bank of America sold the balance owed on the Plaintiff's credit card to Defendant LVNV for collection.

37. In July 2006, Defendant LVNV began reporting the Plaintiff's debt to the credit reporting agencies for inclusion in the Plaintiff's credit history.

38. On January 30, 2007, LVNV as Assignee of Bank of America filed a lawsuit against the Plaintiff in the State Court of Fulton County, State of Georgia, Civil Action No.: 07VS110784C ("Fulton County Lawsuit").

39. On March 7, 2007, Defendant LVNV dismissed the Fulton County Lawsuit against the Plaintiff without prejudice.

40. On August 20, 2007, Defendant LVNV, by and through their attorney, mailed the Plaintiff a letter stating that a settlement was reached on the credit card, the balance owed on the debt was zero and that LVNV should report the Plaintiff's credit card debt to the credit bureaus with a zero balance.

41.    On January 21, 2008, Plaintiff requested and received copies of her

consumer credit report from Trans Union, LLC ("Trans Union").

42.    On January 21, 2008 Defendant LVNV inaccurately reported to Trans Union

that the balance owed on the Plaintiff's credit card was $6,525.

43.    On February 9, 2008, the Plaintiff notified Trans Union that she disputed the

inaccurate reporting of the credit card by Defendant LVNV and requested a

reinvestigation of the inaccurate balance of the debt as reported on her

consumer credit report.

44.    Upon information and belief, Trans Union responded to the Plaintiff's

February 9, 2008 dispute regarding the credit card balance by requesting

verification of the trade-line by LVNV.

45.    On or about February 11, 2008, Trans Union notified Defendant LVNV that

the Plaintiff disputed the balance reported on the credit card and requested

an investigation of the information furnished by LVNV.

46.    Upon information and belief, in February 2008 LVNV verified the

inaccurate balance on the credit card to Trans Union.

47.    In February, 2008, Defendant LVNV responded to Trans Union regarding

the Plaintiff's request for reinvestigation of the disputed credit card reporting

by verifying the information as reported.

48. On February 26, 2008, the Plaintiff mailed a letter to Trans Union stating that she disputed the inaccurate reporting of the credit card balance by Defendant LVNV and requested a reinvestigation of the disputed balance information contained on her consumer credit report.

49. Upon information and belief, Trans Union responded to the Plaintiff's February 26, 2008 dispute regarding the credit card balance by requesting verification of the trade-line by LVNV.

50. On or about March 4, 2008, Trans Union notified Defendant LVNV that the Plaintiff disputed the information reported on the credit card and requested an investigation of their reporting.

51. Upon information and belief, in March 2008 LVNV verified the inaccurate reporting of the credit card to Trans Union.

52. In March, 2008, Defendant LVNV responded to Trans Union regarding the Plaintiff's request for reinvestigation of the disputed credit card reporting by verifying the information as reported.

53. On or about April 5, 2008, Plaintiff received a copy of her consumer credit report from Equifax Information Services LLC ("Equifax").

54. On or about April 5, 2008, Defendant LVNV inaccurately reported to Equifax that the balance owed on the Plaintiff's credit card was $6,888.

55.   On or about April 10, 2008, Plaintiff received a copy of her consumer credit report from Experian Information Solutions, Inc. ("Experian").

56.   On or about April 10, 2008, Defendant LVNV inaccurately reported to Experian that the balance owed on the Plaintiff's credit card was $6,882.

57.   On or about May 9, 2008, the Plaintiff notified Equifax that she disputed the inaccurate reporting of the credit card balance by Defendant LVNV and requested a reinvestigation of the disputed credit card balance contained on her consumer credit report.

58.   On or about May 9, 2008, the Plaintiff notified Experian that she disputed the inaccurate reporting of the credit card balance by Defendant LVNV and requested a reinvestigation of the disputed credit card balance contained on her consumer credit report.

59.   On or about May 9, 2008, the Plaintiff notified Trans Union that she disputed the inaccurate reporting of the credit card balance by Defendant LVNV and requested a reinvestigation of the disputed credit card balance contained on her consumer credit report.

60.   Trans Union responded to the Plaintiff's May 9, 2008 dispute regarding the credit card balance by requesting verification of the trade-line by LVNV.

61.   On or about May 14, 2008, Trans Union notified Defendant LVNV that the

Plaintiff disputed the balance reported on the credit card and requested an

investigation of their reporting.

62.   On or about May 15, 2008, Defendant LVNV responded to Trans Union's

request for investigation of the inaccurate reporting of the credit card

balance and requested that the balance be updated to $7,055.00.

63.   On or about May 17, 2008, Trans Union mailed the Plaintiff the results of

their investigation which inaccurately listed the credit card balance as

$7,055.

64.   Equifax responded to the Plaintiff's May 9, 2008 dispute regarding the credit

card by requesting verification of the trade-line by LVNV.

65.   On or about May 17, 2008, Equifax notified Defendant LVNV that the

Plaintiff disputed the balance reported on the credit card and requested an

investigation of their reporting.

66.   On or about May 19, 2008, Defendant LVNV responded to Equifax's

request for investigation of the inaccurate reporting of the credit card

balance and requested that the balance be updated to $7,068.00.

67.   On or about May 21, 2008, Equifax mailed the Plaintiff the results of their

investigation which inaccurately listed the credit card balance as $7,068.

12

68.  Experian responded to the Plaintiff's May 9, 2008 dispute regarding the credit card by requesting verification of the trade-line by LVNV.

69.  On or about May 17, 2008, Experian notified Defendant LVNV that the Plaintiff disputed the information reported on the credit card balance and requested an investigation of their reporting.

70.  On or about May 20, 2008, Defendant LVNV responded to Experian's request for investigation of the inaccurate reporting of the credit card balance and requested that the balance be updated to $7,072.00.

71.  On or about May 27, 2008, Experian mailed the Plaintiff the results of their investigation which inaccurately listed the credit card balance as $7,072.

72.  On June 23, 3008, the Plaintiff completed a pre-qualification mortgage application with Washington Mutual.

73.  On June 23, 2008, Washington Mutual requested and received a copy of the Plaintiff's consumer credit report, which include information provided by Experian.

74.  The June 23, 2008 the consumer credit report that was published to Washington Mutual included the credit card as furnished by LVNV to Experian with the inaccurate balance owed of $7,140.

75.    On or about June 23, 2008, Washington Mutual informed the Plaintiff that she would qualify for a better mortgage loan if she could prove that the balance on the credit card as reported and furnished by LVNV was zero.

76.    Defendant LVNV has been reporting derogatory and inaccurate statements and information relating to the Plaintiff and Plaintiff's credit history to third parties.

77.    The inaccurate LVNV credit card account balance negatively reflects upon the Plaintiff and her creditworthiness.

78.    Plaintiff has repeatedly disputed the inaccurate credit card payment history with Defendant LVNV.  Notwithstanding Plaintiff's disputes, Defendant LVNV has failed to conduct timely and reasonable investigations of the Plaintiff's disputes after being contacted by Trans Union, Experian, and Equifax concerning Plaintiff's disputes, and Defendant LVNV has willfully continued to report such inaccurate information to the credit bureaus.

79.    Despite Plaintiff's exhaustive efforts to date, the Defendant has nonetheless deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, and has continued to report the derogatory inaccurate information about the Plaintiff.

80.    Plaintiff's credit reports and credit history have been obtained from credit

reporting agencies and have been reviewed by prospective and existing

credit grantors and extenders of credit, and the inaccurate information

reported by the Defendant has been a substantial factor in precluding the

Plaintiff from receiving credit offers and from receiving the most favorable

terms in financing and interest rates for credit.

81.    As a result of the Defendant's conduct, Plaintiff has suffered actual damages

and serious financial and pecuniary harm arising from monetary loses

relating to the loss of credit and loan opportunities.

82.    As a result of the Defendant's conduct, Plaintiff has suffered physical,

emotional and mental pain and anguish, and Plaintiff will continue to suffer

the same for an indefinite time in the future, all to Plaintiff's great detriment

and loss.

83.    As a result of the Defendant's conduct, Plaintiff has suffered actual damages

in the form of financial and dignitary harm arising from the injury to credit

rating and reputation, and Plaintiff will continue to suffer the same for an

indefinite time in the future, all to Plaintiff's great detriment and loss.

84.    At all times pertinent hereto, the Defendant was acting by and through their

agents, servants, and/or employees who were acting within the course and

scope of their agency or employment, and under the direct supervision and control of the Defendant.

85.    At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants, and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## VI.  CAUSES OF ACTION

### A.    The Fair Credit Reporting Act

86.    Defendant LVNV has negligently violated the provisions of the FCRA by negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

87.    Defendant LVNV has willfully violated the provisions of the FCRA by willfully failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

88.    Following the reinvestigations, Defendant LVNV reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

89.    Following the reinvestigations, Defendant LVNV reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-

2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

90. Following the reinvestigations and dispatch of notices directly to Defendant LVNV, Defendant LVNV reported credit information that was in fact not accurate, in violation of the FCRA 15 U.S.C. § 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(B).

91. Defendant LVNV's reinvestigations were not conducted in good faith.

92. Defendant LVNV's reinvestigations were not conducted in such a way as to insure the maximum possible accuracy of the Plaintiff's consumer reports.

93. Defendant LVNV's reinvestigations were not conducted reasonably.

94. Defendant LVNV's reinvestigations were not conducted using all information reasonably available to Defendant LVNV.

95. Defendant LVNV's reinvestigations were *per se* deficient by reason of these failures of Defendant LVNV in its reinvestigations of the tradeline on the Plaintiff's consumer report.

96. Defendant LVNV's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles the Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

97.   As a result of Defendant LVNV's conduct, actions, and inactions, Plaintiff has suffered credit damages.

98.   As a result of Defendant LVNV's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to her creditworthiness.

99.   Defendant LVNV's conduct, actions, and inactions, were willful, rendering LVNV liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

100.   Plaintiff is entitled to recover costs and attorneys fees from Defendant LVNV in amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

## B.   The Fair Debt Collection Practices Act

101.   Defendant LVNV violated the FDCPA by using false, deceptive, and misleading representations in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

102.   Defendant LVNV violated the FDCPA by falsely representing the character, amount, and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

103.   Defendant LVNV violated the FDCPA by communicating information to the credit reporting agencies which was known or should have been known to be false, in violation of 15 U.S.C. § 1692e(8).

104. Defendant LVNV violated the FDCPA by using false representations and/or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10).

105. As a result of the foregoing violations of the FDCPA, Defendant LVNV is liable to the Plaintiff for actual damages, statutory damages, and attorney fees and costs in accordance with 15 U.S.C. § 1692k.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Melissa A. Reiger prays that the Court grant the following relief in favor of the Plaintiff and against Defendant LVNV Funding LLC:

1. For Actual Damages as provided for under the FCRA, 15 U.S.C. §1681 *et seq.*;

2. For Statutory Damages as provided for under the FCRA, 15 U.S.C. §1681 *et seq.*;

3. For Punitive Damages as provided for under the FCRA, 15 U.S.C. §1681 *et seq*;

4. For Attorney's fees and costs incurred in this action as provided for under the FCRA, 15 U.S.C. §1681 *et seq*;

5. For an Order directing that Defendant LVNV Funding LLC immediately delete all of the inaccurate information from the Plaintiff's credit reports

and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; For Actual Damages as provided for under the FDCPA, 15 U.S.C. §1692k;

6. For Statutory Damages as provided for under the FDCPA, 15 U.S.C. §1692k;

7. For Attorney's fees and costs incurred in this action as provided for under the FDCPA, 15 U.S.C. §1692k; and

8. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all Issues.

Dated: August 5, 2008.

Respectfully submitted,

LAW OFFICE OF LISA D. WRIGHT, LLC

By:

Lisa D. Wright
Attorney for Plaintiff
Georgia State Bar No. 268781

235 Peachtree Street, NE, Suite 888
Atlanta, Georgia 30303
404-588-1181
404-588-1182 (Fax)
attorneywright@prodigy.net